Tukley, J.
delivered the opinion of the court.
This is an action of assumpsit, brought against the defendant as a joint drawer of a promissory note, made in the name of Hale & Philips: defendant pleads non est factum. Upon the trial it appeared that Dale & Philips were partners in merchandize, trading as such, and as such became indebted to the Union Bank in a sum, for which they executed their note with G. Frierson & Co. as endorsers; that this note falling due, another was drawn by E. W. Dale in the name of the firm, to be sub *389 ■stituted in the place of the first, upon discount by the Bank, which also purported to be endorsed by the firm of G. Frierson & Co., which note was discounted by the Bank and the proceeds thereof applied to the payment of the first; but it also appears, that the endorsement of the name of the firm of G. Fri-erson & Co. was made by the one, or the other member of the firm, without the knowledge or consent of the one who signed it not.
Upon this statement of facts, the Circuit Judge charged the jury, “that the endorser of a bill or note transferable by endorsement, must in an action against the acceptor, or drawer, prove that the bill was endorsed by the person to whose order it was intended to be made payable; that if the jury should believe, that the endorsement of G. Frierson & Co., on the note sued on, was an accommodation endorsement, known to be so by the plaintiff at the time it took the note, and the jury should also believe, that if G. Frierson made the endorsement without the knowledge of his co-partner, Hughes, it would not be binding upon him, unless he assented thereto; and not being binding upon him, the legal title to the note would not be passed thereby to the plaintiff; and so it would likewise be, if it were made by Hughes, without the knowledge of his co-partner, Frierson, unless he assented thereto.”
Upon this charge the jury found a verdict for the défendant, and could not have well done otherwise upon the proof. But was the charge correct? We think most assuredly not, both upon principle and authority. The proof shows most conclusively, that the paper was not real, but accommodation, put into circulation by the makers, and not by the endorsers. What is the consequence of this upon principle? It has been repeatedly held, not only by this court, but others, that where the paper is real, in a suit against a maker, or drawer, or acceptor by an endorsee, upon proper pleading, the endorsement must be proven, and why? Because, in the first instance, they pay at their peril: and in the second, because the endorser has an interest in the paper, puts it in circulation, and shall not be deprived of his right, in a proceeding to which he is no party, without proof satisfactory to the court and jury, that he has parted from *390 it. But is it possible, that these principles can be made to apply in the case, of accommodation paper? Surely not. They are alike in nothing but form. The endorser gives credit to the paper, but does not put it into circulation; he has no interest in it, except that the maker shall pay it at maturity. The maker is the issuer, the one who receives the money, and when he is sued, how shall it be held, that he may discharge himself, for want of proof, of the endorsement; the reason for requiring it fails entirely: “causa cessante, cessat ipsa lex.” Therefore it has been held, that if bills or notes be drawn to fictitious persons, and the endorsement filled up by the drawer, the endorsement need not be proven: therefore, it has been held, if a bill or note be drawn to a person in esse, and his name be forged as endorser, by the drawer, the drawer shall be held liable. And this as has been observed, because there are no persons who have any interest in the transaction, but those who put the paper into circulation, and those who purchase it; and that it would be a fraud on the part of the maker to use such a de-fence.
For an able view of this subject, conforming in every thing, with what we have said, see the case of Meacher vs. Fort, 3 Hill’s So. Car. Rep. 227. Well, now apply these principles to the case under consideration. Dale & Philips owe the Union Bank by note; the note is due; Dale & Philips execute a new note to G. Frierson & Co.; one of that company endorses the note without the knowledge of the other, and the Union Bank, with knowledge of the fact, takes it upon discount, and delivers up their previous note. What is the consequence? Under the decisions upon partnership liability, the Union Bank has lost its security. But what has Dale & Philips lost? What has G. Frierson & Co. lost? Nothing. G. Frierson & Co. are discharged from liability as endorsers; they never had any interest in the note. Dale & Philips have lost nothing by the discharge of G. Frierson & Co.; their note is outstanding; it has been received in payment of a previous obligation, which is a good consideration; and to permit them to shield themselves from its payment, upon a principle of law, made to protect partners from mutual abuses of trust, a principle having nothing to do *391 with their own case, as at present exhibited, would be monstrous indeed.
As we have said, it is at war with both principle and authority. The makers are estopped to say, that was not genuine, which they had represented to be so, by putting it in circulation.
The judgment must, therefore, be reversed, and the case remanded for a new trial.